**NOT FOR PUBLICATION**

**FILED**

APR 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH R. DEORIO, an individual, | No. 16-56337 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04793-RGK-RAO |
| v. | |
| BETTY T. YEE, President of the California Franchise Tax Board in her Official Capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 15, 2017
Pasadena, California

Before: HAWKINS, PARKER,** and IKUTA, Circuit Judges.

Plaintiff-Appellant Keith DeOrio appeals from a judgment of the United

States District Court for the Central District of California.  The District Court

granted summary judgment in favor of Defendants-Appellees, dismissing the

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Appellant's claims: (i) a procedural due process challenge to Section 19195 of the California Revenue and Taxation Code ("Section 19195") and Section 494.5 of the California Business and Professions Code ("Section 494.5") and (ii) a Fourth Amendment claim regarding an investigation into the Appellant's medical center and the Appellant's subsequent arrest on suspicion of the unlicensed practice of medicine.

With respect to the Appellant's procedural due process challenge, we conclude that it fails for substantially the reasons stated in *Franceschi v. Yee*, No. 14-56493, slip op. at 9–13 (9th Cir. April 11, 2018). First, procedural due process does not require a second, pre-suspension hearing when the Appellant had a full and fair opportunity to dispute his tax delinquency each year when assessed (and, indeed did so in certain years). *See id.* Second, Section 494.5 is not retroactive because it is the *current refusal* to discharge the tax obligations that can subject the taxpayer to license revocation. *See id.* at 18–19. Additionally, we find no merit in the Appellant's contention that he is statutorily entitled to license reinstatement because Section 495.4 contains no such requirement.

We see no merit to the Appellant's Fourth Amendment claim. First, the undercover operations in question by Investigator McKenzie fit squarely within the invited informer doctrine, as the District Court correctly concluded. *See Maryland v. Macon*, 472 U.S. 463, 470 (1985) ("An undercover officer does not violate the

Forth Amendment merely by accepting an offer to do business that is freely made to the public."). Second, there was ample probable cause for the Appellant's arrest. For example, as the District Court correctly concluded, Dr. Briones-Colman's expert opinion supports probable cause. Dr. Briones-Colman reviewed the transcripts of the undercover recordings, the advertising material, and Investigator Fuller's investigation report in reaching her conclusion that the Appellant had unlawfully held himself out as a physician and had practiced medicine without a license. *See United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (expert opinions may of offered in a probable cause analysis).

Third, we find no merit in the Appellant's contention that Fuller engaged in judicial deception. The Appellant contends that Fuller deceived Assistant Deputy District Attorney Fong into pursuing the arrest of the Appellant. The Appellant rests his argument on an email exchange between a government attorney representing the investigator defendants and Deputy District Attorney Campbell, who took over the Appellant's criminal case but who played no role in securing the warrant for the Appellant's arrest. As the District Court correctly concluded, the email exchange is unreliable hearsay written nearly a year after the arrest warrant by someone who was trying to reconstruct the thought process of someone who was involved in the arrest of the Appellant. As such, it is mere speculation, and insufficient to raise a genuine issue of material fact whether Fuller "deliberately or

3                                                                  16-56337

recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citation omitted).

We have considered the Appellant's other arguments and conclude they are meritless.

**AFFIRMED.**